FAIR, J.,
for the Court:
¶ 1. Willie Henry was convicted of aggravated domestic violence stemming from an altercation with his girlfriend, Robin Madden, and her adult daughter, Stacy Madden. Robin and Stacy testified that Henry hit Robin in the side of the head with an object. The blow fractured Robin’s skull around her right eye socket and caused her to permanently lose sight in that eye.
¶ 2. The basic outline of events is uncontested. In October 2007, Robin, Stacy, Henry, Stacy’s daughter, and two of Robin’s nephews were living in a “FEMA trailer” in Gulfport. Henry worked the evening shift at a local casino. When he got off work, at midnight, Robin failed to pick him up as had been previously agreed. Later that night, the two returned to the casino to pick up Stacy, who also worked there, and they consumed some alcohol. The altercation occurred around 4:00 a.m., approximately one hour after they returned home.
¶ 3. According to Robin and Stacy, Henry went to bed after they returned home from the casino. Robin and Stacy stayed up a little later, and when Robin joined *89 Henry in the bed they shared, he began berating her. Robin could not remember what Henry said, but she believed he was angry because she had forgotten to pick him up from work. She became upset when he bit her on the wrist hard enough to break the skin. She responded by asking Henry to leave the trailer, and, eventually, by throwing a cell phone the two had shared onto the floor. When Stacy attempted to break up the argument, Henry hit Robin with an object, probably an alarm clock, causing her injuries.
¶ 4. Henry’s version of the events was different. He denied being upset over having to walk home from work since the distance was only about a mile. He characterized Robin as drunk and testified that she went to bed first. Henry, however, went to the emergency room at a local hospital because he was suffering from heart palpitations. After being told he was not a priority and would not be seen immediately, Henry went back home where he found Robin sleeping in their bed with Stacy’s six-year-old daughter. When he attempted to wake Robin to ask her to move over, she responded aggressively, shouting curses and ordering him out of the house. Henry, exhausted and worried about his heart, pled for calm and began undressing for bed. Robin responded by breaking his phone, and when he still refused to leave, called for Stacy. Robin challenged Henry and began physically menacing him, jabbing him in the stomach. Stacy arrived, and she tried to put herself between her mother and Henry, who was backing away. Robin tried to move past Stacy, and in the process, Stacy accidently struck her with an elbow.
¶5. On appeal, Henry contends his attorney was constitutionally ineffective for failing to call Henry’s mother to impeach Stacy with an alleged prior inconsistent statement about whether Stacy actually saw Henry strike Robin. Henry also contends the trial court erred in admitting “double hearsay” when one attending physician testified as to what medical records said Robin had told another physician at the hospital. We find no reversible error, so we affirm.
DISCUSSION
1. Ineffective Assistance of Counsel
¶6. In his first issue, Henry contends his counsel committed a prejudicial error by failing to lay a foundation to call an impeaching witness, Henry’s mother, to testify that Stacy had previously admitted she did not actually see Henry strike Robin. Mrs. Henry testified in a proffer that some time after the incident, she had encountered Stacy at a grocery store. When Stacy described the incident, she told Mrs. Henry she was standing between Robin and Henry and “didn’t see him hit her.” This contradicted Stacy’s testimony in court that she was standing to the side when she saw Henry lunge toward Robin and hit her.
¶ 7. Henry’s counsel did not question Stacy about the prior statement on cross-examination, leading the trial court to hold that Mrs. Henry could not testify to the prior inconsistent statement. See M.R.E. 613(b) (“Extrinsic evidence of a prior inconsistent statement ... is not admissible unless the witness is afforded an opportunity to explain or deny the same....”). Defense counsel attempted to call Mrs. Henry during the trial, and in the ensuing argument, admitted on the record the defense was aware of Mrs. Henry’s potential testimony well in advance of the trial.
¶ 8. Henry’s argument on appeal is that his trial counsel’s failure to lay a proper foundation for Mrs. Henry’s testimony amounted to constitutionally ineffective assistance of counsel. Under Strickland v. *90 Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), “[f]irst, the convicted defendant must show that counsel’s representation fell below an objective standard of reasonableness. Second, the defendant must show there is reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Hannah v. State, 943 So.2d 20, 24 (¶ 6) (Miss.2006) (citing Strickland, 466 U.S. at 687-88, 694, 104 S.Ct. 2052)).
¶ 9. The threshold question, however, is whether this issue should be addressed on direct appeal. Governing is Mississippi Rule of Appellate Procedure 22(b), which states in relevant part: “Issues which may be raised in post-conviction proceedings may also be raised on direct appeal if such issues are based on facts fully apparent from the record.”
 ¶ 10. It may very well be that Henry’s attorney simply forgot to cross-examine Stacy on the alleged prior statement, but from the record we cannot say with any certainty that it was not deliberate strategy, guided by facts known to counsel but not disclosed in the record. See Rogers v. State, 85 So.3d 293, 297 (¶ 16) (Miss.2012) (“Counsel’s choice of whether to ask certain questions .... [is] presumed strategic....”). To decide this issue on the record alone, this Court would have to speculate on counsel’s motives, and when that is necessary, the question of ineffective assistance of counsel is properly left to post-conviction proceedings where additional evidence can be introduced. See Mitchell v. State, 90 So.3d 584, 596-97 (¶ 35) (Miss.2012). After due consideration, we conclude the facts upon which this assertion of error is based are not fully apparent from the record. We deny relief without prejudice.
2. Medical Records/Hearsay
¶ 11. Robin Madden was initially treated in the emergency room at Gulfport Memorial Hospital. Shortly thereafter she was transferred, with some haste, to the University of Mississippi Medical Center in Jackson. At UMC she was attended by Dr. James Jordan, a facial plastic surgeon, who ultimately performed the surgery to reconstruct her skull. In his remaining issue, Henry contends the trial court erred in allowing Dr. Jordan to testify to knowledge he obtained from medical records produced at Gulfport Memorial. Dr. Jordan testified the records indicated Robin had reported her injuries “result[ed] from being assaulted ... by her boyfriend.” According to Henry, this testimony was inadmissible hearsay within hearsay.
¶ 12. After reviewing the record, we do not think it is necessary to address whether the testimony was admissible. Mississippi Rule of Evidence 103(a) states that “[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected....” Both Robin and Stacy testified that Robin was injured when she was struck by Henry. Moreover, another witness, Officer Julian Slaughter, who interviewed Robin at Gulfport Memorial a few hours after the incident, testified without objection that Robin had attributed her injury to an assault by Henry. Any error in admitting Dr. Jordan’s testimony to the same effect was harmless. We could not find reversible error on this point.
¶ 13. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED DOMESTIC VIOLENCE AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS *91 APPEAL ARE ASSESSED TO HARRISON COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.